**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS J. MINDEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:11CV01284 AGF |
| v. | ) | |
| | ) | |
| USF INSURANCE CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This diversity matter is before the Court on the motion (Doc. No. 33) of Defendant USF Insurance Co., Inc. ("USF"), to dismiss Count III of Plaintiffs' complaint for failure to state a claim upon which relief can be granted.  For the reasons set forth below, this motion shall be granted.

**BACKGROUND**

Plaintiffs are the children of a decedent who died as the result of being hit by an automobile while he was walking across a parking lot on premises owned by The Gannon, Parker and Wooten Company ("Gannon").  USF was Gannon's commercial general liability insurer, providing a policy with a limit of $1 million per occurrence. Plaintiffs brought a premises liability and wrongful death claim against Gannon (in Count IX of its second amended petition), alleging that the decedent was hit by the automobile as a result of the unreasonably dangerous condition of the premises.  USF denied

Gannon's demand for defense coverage and indemnity after Plaintiff offered to settle their claims against Gannon for the 1 million dollar policy limit.  Plaintiffs' above-noted claims against Gannon eventually resulted in a verdict against Gannon for $2 million.

In the present action, Plaintiffs claim that USF's refusal to defend and indemnify Gannon in their premises liability claim was in beach of the insurance contract between Gannon and USF, for which Plaintiffs now seek equitable garnishment (Count I) and damages for breach of contract and vexatious refusal to pay (Count II) in the amount of $2 million, prejudgment interest, post judgment interest, and defense expenses incurred by Gannon.  In Count III, Plaintiffs assert that USF owed a fiduciary duty to Gannon to defend and settle Plaintiffs' underlying claims in good faith and that USF breached this duty in bad faith.  In this Count Plaintiffs specifically state that they are seeking the same damages noted above, as assignees of Gannon.

For dismissal of Count III, USF argues that under Missouri law, as interpreted by the Eighth Circuit, a claim of bad faith refusal to settle cannot be assigned.  Plaintiffs respond that Missouri law is not clear on the matter and that this Court should follow cases suggesting that their bad faith claim in Count III is a valid claim.

## DISCUSSION

To avoid a motion to dismiss, a plaintiff does not have to "set out in detail the facts upon which he bases his claim;" however, Federal Rule of Civil Procedure 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).  "Where a complaint pleads

facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*, 550 U.S. at 555).

The parties agree that this diversity case is governed by Missouri law.  The task of a federal court sitting in diversity is to attempt to predict how the forum state's highest court would resolve the issues.  *Allstate Ins. Co. v. Blount*, 491 F.3d 903, 908 (8th Cir. 2007).  USF relies upon *American Guarantee & Liability Insurance Co. v. United States Fidelity & Guaranty Co.*, 693 F. Supp. 2d 1038 (E.D. Mo. 2010).  In that case, an excess insurer brought an action against the primary liability insurer and claims handler, alleging that the defendants failed to settle in good faith a wrongful death lawsuit brought against their mutual insured.  On summary judgment, the excess insurer argued that it, as the assignee of the insured, was entitled to pursue a bad faith claim against the defendants. The District Court held that this argument was foreclosed by *Quick v. National Auto Credit*, 65 F.3d 741, 746-47 (8th Cir. 1995), in which the Eighth Circuit held that a claim for bad faith failure to settle was nonassignable under Missouri law.

The District Court noted that Missouri law was somewhat unsettled on the matter, citing, e.g., *Ganaway v. Shelter Mut. Ins. Co.*, 795 S.W.2d 554, 564-65 (Mo. Ct. App. 1990) (permitting the assignment of a bad faith failure to settle claim), but held that it was bound by *Quick*.  *Am. Guar. & Liab.*, 693 F. Supp. 2d at 1049-50.  The District Court also granted the primary insurer's motion for summary judgment on the alternative ground that the insured and its liquidation trust had failed to make the required settlement demand.  *Id*.

3

at 1051.  The Eighth Circuit recently affirmed the District Court on the basis of the failure of the insured and its liquidation trust to make the required settlement demand; the Eighth Circuit specifically did not address the alternative nonassignability holding.  668 F.3d 991, 1004 (8th Cir. 2012).

Plaintiffs acknowledge that *Quick* prohibits their bad faith claim set forth in Count III.[1]  They, however, point to *Ganaway* and another similar case in support of their argument that the law in Missouri on the matter is not clear, and that this Court should allow them to proceed with their bad faith to settle claim.  As did the District Court in *American Guarantee & Liability,* this Court feels bound by *Quick*.  The Eighth Circuit specifically considered and rejected *Ganaway* in *Quick*, finding "*Ganaway* runs upstream from clearly established Missouri law."  *Quick*, 65 F.3d at 746-747.  The Eighth Circuit also distinguished *Ganaway* as limited to its facts.  In *Ganaway*, the Missouri Court of Appeals considered an assignment under the 1978 Bankruptcy Act, rather than under common law.  The Eighth Circuit, thus, explained that "*Ganaway* is further distinguishable because it involves an often stated exception to nonassignability, statutory authorization (through the bankruptcy act)."  *Id.*

Missouri courts have not since clarified Missouri law on the matter, as explained in

---

[1]  Although Count III includes a claim for bad faith failure to defend, this is a contract claim under Missouri law, *see Esicorp, Inc. v. Liberty Mut. Ins. Co.,* 193 F.3d 966, 972 (8th Cir. 1999); *Bonner v. Auto. Club Inter–Ins. Exch.*, 899 S.W.2d 925, 928 (Mo. Ct. App. 1995), and duplicative of the other counts of the complaint.  Thus the parties and the Court focus the present discussion on the claim for bad faith failure to settle, a tort claim.

4

the concurrence *Johnson v. Allstate Ins. Co.*, 262 S.W.3d 655, 671-72 (Mo. Ct. App.

2008).  Thus, this Court concludes that Missouri law, as interpreted by the Eighth Circuit,

precludes Plaintiffs' claim against USF for breach of the duty USF owed Gannon to settle

Plaintiffs' underlying claims in good faith.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count III is

**GRANTED**.  (Doc. No. 33.)

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of May, 2012.